**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**RUSSELL S. PRINCE, ESQ.,**

    **Plaintiff,**

v.                                        **Case No. 8:19-cv-549-T-35AAS**

**REBECCA E. MARSON,**

    **Defendant.**

_____/

## ORDER

The court held a hearing on Rebecca E. Marson's motion to quash five non-party subpoenas and for a protective order. (Doc. 43). For the reasons stated on the record at the hearing, it is **ORDERED** that:

(1)    Ms. Marson's Motion to Quash Non-Party Subpoenas and for Protective Order (Doc. 43) is **GRANTED-IN-PART AND DENIED-IN-PART**, as follows:

    (A)    The five subpoenas at issue (Doc. 43, Exs. A-E) are **QUASHED** and any non-parties served with those subpoenas need not produce any documents in response to those subpoenas.

    (B)    Mr. Prince may issue to Alexis M. Gainesbrugh a new subpoena that complies with Rule 45 and seeks only communications between Ms. Gainesbrugh and Ms. Marson that refer to Russell Prince. The time period for the subpoena is July 1, 2018 to the date Ms. Gainesbrugh responds to the subpoena.

    (C)    Mr. Prince may issue to Breanna Lee Moore a new subpoena that complies with Rule 45 and seeks only communications between Ms. Moore and Ms. Marson that refer to Russell Prince. The time period for the subpoena is July 1, 2018 to the date Ms. Moore responds to the subpoena.

(D) Mr. Prince may issue to Denise R. a new subpoena that complies with Rule 45 and seeks only communications between Ms. Kaminski and Ms. Marson that refer to Russell Prince. The time period of the subpoena is July 1, 2018 to the date Ms. Kaminski responds to the subpoena.

(E) Mr. Prince may issue to Joseph S. Harrison a new subpoena that complies with Rule 45 and seeks only communications between Mr. Harrison and Ms. Marson that refer to Russell Prince. The time period of the subpoena is July 1, 2018 to the date Mr. Harrison responds to the subpoena.

(F) Mr. Prince withdrew the subpoena to Twitter (Doc. 43, Ex. E). That subpoena may not be reissued in its original form or scope.

(2) Mr. Prince's supplemental response to Ms. Marson's motion (Doc. 45) is **STRICKEN** under Local Rule 3.01(c), Middle District of Florida. Mr. Prince was not granted leave to file a supplemental response.

(3) At the conclusion of the hearing, counsel for Ms. Marson and counsel for Ms. Gainesbrugh and Ms. Kaminski requested reimbursement of their clients' reasonable expenses, including attorney's fees, for challenging the subpoenas. Ms. Gainesbrugh and Ms. Kaminski challenged the subpoenas by submitting written objections to Mr. Prince. Ms. Marson challenged the subpoenas by both moving to quash the subpoenas under Rule 45(d)(3) and for a protective order under Rule 26(c)(1)(A). (Doc. 43).

Presumably, counsel for Ms. Gainesbrugh and Ms. Kaminski seeks an award of expenses under Fed. R. Civ. P. 45(d)(1). Rule 45(d)(1) imposes a duty on the subpoenaing party to "take reasonable steps to avoid imposing undue burden or

expense on [non-parties]." The court, for its part, "must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply." *Id.* Under Rule 45(d)(1), non-parties are protected from significant expense resulting from compliance with a subpoena. *See Sun Capital Partners, Inc. v. Twin City Fire Ins. Co.*, No. 12-CIV-81397, 2016 WL 1658765, at *4 (S.D. Fla. Apr. 26, 2016). The subpoenas issued to Ms. Gainesbrugh and Ms. Kaminski were quashed due to improper form and content. Thus, reasonable expenses in objecting to the subpoenas must be reimbursed by Mr. Prince. This order's concluding paragraph addresses the process for resolving the amount of a reasonable expense award.

Turning to Ms. Marson's reasonable expenses for moving to quash the subpoenas and for protective order, Rule 26(c)(3) directs that, for protective orders, "Rule 37(a)(5) applies to the award of expenses." Rule 37(a)(5)(C) states that where, as here, a motion for protective order is granted in part and denied in part, "the Court may ... after giving reasonable opportunity to be heard, apportion the reasonable expenses for the motion." Mr. Prince argued the court's rulings did not significantly alter the subpoenas and so shifting Ms. Marson's reasonable expenses was unwarranted. Counsel for Ms. Marson countered the original subpoenas were extraordinarily overbroad and sought information well beyond what the court's rulings indicated is relevant or proportional to the needs of this action.

After considering counsel's arguments and the rulings on Ms. Marson's motion,

an award to Ms. Marson of eighty percent (80%) of the reasonable expenses incurred by Ms. Marson for this discovery dispute is warranted. Shifting 80% of Ms. Marson's expenses for this discovery dispute to Mr. Prince is appropriate because: (1) none of the subpoenas comply with the clear format and content requirements of Fed. R. Civ. P. 45(a)(1); (2) though Mr. Prince voluntarily withdrew one subpoena (to Twitter) of the five subpoenas at issue, he waited to orally withdraw the subpoena at the hearing after receiving unfavorable rulings on the other four subpoenas and after Ms. Marson's counsel briefed the issue; and (3) each of the four subpoenas directed to the non-parties sought three extremely large categories of documents and this order only permits Mr. Prince to subpoena documents responsive to one narrow sub-category of one of those categories.

Therefore, the requests by Ms. Marson, Ms. Gainesbrugh, and Ms, Kaminski for reimbursement of their reasonable expenses related to this discovery dispute is **GRANTED** as to entitlement as outlined above. By **March 13, 2020**, counsel for the parties and non-parties must confer in good faith to stipulate to the reasonable expenses incurred. If the parties and non-parties fail to stipulate to what reasonable expenses must be reimbursed by Mr. Prince, Ms. Marson, Ms. Gainesbrugh, and Ms, Kaminski each may submit a motion, supported by an affidavit and any expense records, to support why the amounts they seek are reasonable.

**ENTERED** in Tampa, Florida, on March 9, 2020.

AMANDA ARNOLD SANSONE
United States Magistrate Judge