UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RUSSELL S. PRINCE,

    Plaintiff,

v.                                                      Case No.: 8:19-cv-549-T-35AAS

REBECCA A. MARSON,

    Defendant.
_____/

## ORDER

The court granted Rebecca A. Marson's request for apportionment of reasonable expenses under Fed. R. Civ. P. 37(a)(5).[1] (Doc. 60). Specifically, the court apportioned Ms. Marson 80% of her reasonable expenses in connection with the motion to quash and protective order. (*Id.* at p. 4). Ms. Marson seeks an award of $12,986.20[2] in attorney's fees for 45.2 hours by three attorneys at hourly rates of $435, $295, and $240.[3] (Doc. 62). Russell S. Prince opposes the amount sought and

---

[1] Federal Rule of Civil Procedure 37(a)(5)(C) states that when, as here, a motion for protective order is granted in part and denied in part, "the Court may ... after giving reasonable opportunity to be heard, apportion the reasonable expenses for the motion."

[2] This amount represents 80% of the of attorney's fees incurred through the date of hearing on the motion to quash and for protective order (80% of $10,234.00 = $8,187.20), plus fees incurred negotiating the fee award and preparing this motion ($4,799.00).

[3] Attorney William J. Judge is seeking reimbursement for 13 hours at an hourly rate of $435; attorney Carolina Blanco is seeking reimbursement for 30 hours at an hourly

1

wishes the court would reconsider apportioning reasonable expenses. (Doc. 64). For the reasons previously stated, requiring Mr. Prince to reimburse Ms. Marson 80% of her reasonable expenses remains appropriate. However, upon review of the submitted billing records, the court finds a fee reduction is necessary for several reasons.

First, Ms. Marson seeks $4,799.00 for "negotiating the amount of fees to be reimbursed and preparing the instant motion." (Doc. 62, p. 3). "While attorney's fees incurred for litigating the issue of entitlement to attorney's fees are recoverable, fees incurred for litigating the amount of attorney's fees are not." *McMahan v. Toto*, 311 F.3d 1077, 1085 (11th Cir. 2002) (citing *State Farm Fire & Cas. Co. v. Palma*, 629 So.2d 830, 833 (Fla. 1993)). Consistent with the court's ruling permitting reimbursement for 80% of Ms. Marson's reasonable expenses (Doc. 60) and the case law on recovering fees for litigating fees, the court will apportion the reasonable expenses for litigating the discovery dispute only. Thus, $4,799.00 is subtracted from Ms. Marson's requested reimbursement for reasonable expenses, leaving the requested remaining amount of $8,187.20 (80% of Mr. Marson's attorney's fees incurred through the date of hearing on the motion to quash and for protective order).

Next, "[i]n calculating what hours were reasonably expended on litigation, the Court should exclude excessive, unnecessary, and redundant hours." *Lumpuy v.*

---

rate of $295; and attorney Thomas Banks is seeking reimbursement for 2.2 hours at an hourly rate of $240. (Doc. 62-1).

2

*Scottsdale Ins. Co.*, No. 8:11-CV-2455-T-24MAP, 2013 WL 4648500, at *2 (M.D. Fla. Aug. 29, 2013), aff'd, 580 F. App'x 807 (11th Cir. 2014) (citing *Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1301-02 (11th Cir. 1988)).  Here, some billing entries contain duplicative work because three attorneys billed time for reviewing and analyzing the same documents or having internal meetings and communications about this relatively simple discovery dispute.  (*See* Docs. 62-1, 62-2).  "When a district court finds the number of hours claimed is unreasonably high, the court has two choices: it may conduct an hour-by-hour analysis or it may reduce the requested hours with an across-the-board cut."  *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008).  Here, an across-the-board cut of 15% is appropriate to offset entries reflecting duplicative work.

The time entries also contain block billing.  Generally, "[b]lock billing occurs when an attorney lists all the day's tasks on a case in a single entry, without separately identifying the time spent on each task."  *Ceres EnvtI. Servs., Inc. v. Colonel McCrary Trucking, LLC*, 476 F. App'x 198, 203 (11th Cir. 2012).  The problem with block billing is that it "results in 'imprecision' in an attorney's records ... a problem for which the opponent should not be penalized."  *Id*.  To remedy this problem, the Eleventh Circuit, approved the use by district courts of across-the-board reductions in block billed hours to offset the ill effects of block billing.  *Id.* (citing *Kearney v. Auto-Owners Ins. Co.*, 713 F. Supp. 2d 1369, 1378 (M.D. Fla. 2010) (awarding no attorney's fees to block billed entries or reducing the requested

attorneys' fees); *see also McBride v. Legacy Components, LLC*, No. 8:15-cv-1983-17TGW, 2018 WL 4381181, at *3 (M.D. Fla. Aug. 30, 2018) (reducing billable hours by 35% based on block billed time entries).  Here, an across-the-board cut of 20% is appropriate to offset the block billed time entries.

In total, considering the duplicative work and block billed time entries, Ms. Marson's award is reduced by 35%.  Accordingly, Ms. Marson's Motion for Attorney's Fees (Doc. 62) is **GRANTED in part and DENIED in part**.  Ms. Marson is awarded reasonable attorney's fees in the amount of **$5,321.68**, to be paid within thirty days from the date of this order.

**ORDERED** in Tampa, Florida on April 16, 2020.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge

4