# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**RUSSELL S. PRINCE,**

    **Plaintiff,**

v.                                           Case No.: 8:19-cv-549-T-35AAS

**REBECCA A. MARSON,**

    **Defendant.**

_____/

## ORDER

The court granted the non-parties' request for an award of attorney's fees under Fed. R. Civ. P. 45(d)(1).[1] (Doc. 63). As a result, they seek an award of $8,715.00 in attorney's fees for 24.9 hours of attorney Ricardo A. Duarte's time at an hourly rate of $350.00. (Doc. 63-1). Russell S. Prince opposes the amount sought. (Doc. 65). Upon review of the billing records, the court finds a fee reduction is necessary for several reasons.

First, Mr. Duarte seeks $3,185.00 for "fees incurred in connection with collection efforts." (Doc. 63, p. 3). "While attorney's fees incurred for litigating the issue of entitlement to attorney's fees are recoverable, fees incurred for litigating the amount of attorney's fees are not." *McMahan v. Toto*, 311 F.3d 1077, 1085 (11th Cir.

---

[1] Federal Rule of Civil Procedure 45(d)(1) imposes a duty on the subpoenaing party to "take reasonable steps to avoid imposing undue burden or expense on [non-parties]." The court "must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply."

1

2002) (citing *State Farm Fire & Cas. Co. v. Palma*, 629 So. 2d 830, 833 (Fla. 1993)). Consistent with this case law and the prior order awarding fees for the discovery dispute only, this order will not award Mr. Duarte his claimed $3,185.00 in fees for litigating fees.

Second, Mr. Duarte represented Nicole Alexis Gainesbrugh, Denise Kaminski, and Joseph Harrison at the hearing, but the prior order granted his request for reimbursement of only Ms. Gainesbrugh's and Ms. Kaminski's reasonable expenses based on a misunderstanding that only those two non-parties had been served with subpoenas. (*See* Doc. 60, pp. 2-3). This was an error and the court has now reviewed the papers and the recording of the March 5th hearing to confirm that Mr. Harrison had been served and Ms. Gainesbrugh had not. Because Ms. Gainesbrugh had not been served, awarding her fees would not be proper. However, awarding fees for the work Mr. Duarte performed in response to Mr. Harrison's served subpoena is proper. For this reason, this order will not permit recovery of $1,400.00 in fees related to the subpoena Mr. Prince never served on Ms. Gainesbrugh. Thus, a potential recovery of $4,130.00 is the starting point for the possible fee recovery before turning to the final two issues.

Third, Mr. Duarte did not join Rebecca Marson's motion to quash and for protective order and simply attended the hearing on behalf of non-parties Ms. Gainesbrugh, Mr. Harrison, and Ms. Kaminski. Ms. Duarte cannot recover extensive fees related to the motion to quash and for protective order, other than for his review

of the relevant documents in preparation for his attendance at the hearing and his actual attendance. His collective billing entries related to these tasks are excessive given that his clients did not join the motion.

Last, although Mr. Duarte may recover his attorney's fees incurred conversing with Mr. Harrison and Ms. Kaminski about the subpoenas and objecting to the subpoenas. His billing records exhibit no efficiencies resulting from the repetitive nature of duplicative objections and arguments in response to virtually identical subpoenas.

"When a district court finds the number of hours claimed is unreasonably high, the court has two choices: it may conduct an hour-by-hour analysis or it may reduce the requested hours with an across-the-board cut." *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008). For all these reasons and upon review of the submitted billing records, an across-the-board cut of 20% of the $4,130.00 sought is appropriate.

Accordingly, the non-parties' motion for attorney's fees (Doc. 63) is **GRANTED in part and DENIED in part**. The non-parties may recover **$3,304.00** for Mr. Duarte's attorney's fees, to be paid within thirty days from the date of this order.

**ORDERED** in Tampa, Florida on April 16, 2020.

_Amanda Arnold Sansone_
AMANDA ARNOLD SANSONE
United States Magistrate Judge